<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL JOHN PISKANIN, JR., | |
| Petitioner, | Civil Action No. 14-6104 (ES) |
| v. | OPINION |
| ATTORNEY GEN. OF N.J., et al., | |
| Respondents. | |

**SALAS, DISTRICT JUDGE**

Petitioner Michael J. Piskanin, a prisoner currently confined at SCI Benner Township in Bellefonte, Pennsylvania, seeks to remove a state criminal action to this Court pursuant to 28 U.S.C. §§ 1442; 1446; and § 2679. For the reasons set forth below, the Court will deny the petition.

**I.    BACKGROUND**

On or about September 20, 2014, Petitioner Michael John Piskanin, Jr. filed a "Petition for 28 USC §1442(a), §1446, §2679 Federal Judicial Officer Immunity." (D.E. No. 1, Pet.). In his petition, Petitioner alleges that he is a Federal Law Enforcement Operative-Contractor-Employee ("FLEOCE"). (*Id.* at ¶ 1). Petitioner alleges that in the course of "special employment" for the FBI, he sought and obtained information about illegal activities, which he then reported back to supervising agents. (*Id.* at ¶¶ 2-3). As a result of his reporting of said illegal activities to FBI agents, Petitioner alleges that several individuals (called the "Unholy Trio Gang") are retaliating against him. (*Id.* at ¶ 3). Petitioner alleges that a member of the Unholy Trio Gang conducted a

warrantless search of him while in Pennsylvania and as a result, he was eventually convicted of various crimes. (*Id.*)

Petitioner alleges that the States of New York and New Jersey "were induced by Unholy Trio Gang agents to lodge detainers against Fleoce without ever interviewing Fleoce at any type of hearing to verify probable cause for their warrants, detainers which never stated sufficient probable case that is viable." (*Id.*) Petitioner further states that "[i]n more than 10 years 4 months, State of New Jersey has not attempted to obtain temporary or other custody of Fleoce. Fleoce, as to the charges/detainers brought by State of New Jersey (and) was not in the State of New Jersey at time the crimes were committed." (*Id.*)

Petitioner requests that the New Jersey Detainers be removed to the U.S. District Court and be quashed. (*Id.*)

## II.   DISCUSSION

As Petitioner has been advised several times by both the Third Circuit and district courts in Pennsylvania, *see*, *e.g.*, *Piskanin v. Banach*, 2008 WL 5246165 (E.D. Pa. Dec. 16, 2008); *Piskanin v. Doe*, 349 F. App'x 689 (3d Cir. 2009); *Piskanin v. Doe*, 349 F. App'x 689 (3d Cir. 2009); *Piskanin v. United States*, 461 F. App'x 88 (3d Cir. 2012); *Pennsylvania. v. Piskanin*, 508 F. App'x 92 (3d Cir. 2012), Section 1442(a)(1) provides that a civil or criminal action that has been brought in state court may be removed to the federal district court in the district in which such action is pending if the defendant is one of the following:

> The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1). However, removal is not available unless there is

> a causal connection between what the officer has done under asserted official authority and the state prosecution. It must appear that the prosecution of him, for whatever offense, has arisen out of the acts done by him under color of federal authority and in enforcement of federal law, and he must by direct averment exclude the possibility that it was based on acts or conduct of his not justified by his federal duty. But the statute does not require that the prosecution must be for the very acts which the officer admits to have been done by him under federal authority. It is enough that his acts or his presence at the place in performance of his official duty constitute the basis, though mistaken or false, of the state prosecution.

*Mesa v. California*, 489 U.S. 121, 131-32, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989) (quoting *Maryland v. Soper*, 270 U.S. 9, 33, 46 S.Ct. 185, 70 L.Ed. 449 (1926)).

Even if this Court were to accept Petitioner's assertion that he is a "FLEOCE" and that entitles him to protection under § 1442[1], in order to receive that protection, the New Jersey charges would have to arise directly from his actions as a federal official. However, Petitioner has failed to provide any information about the charges which are allegedly pending against him in New Jersey. Without any information about the charges allegedly pending against him, the Court is unable to find that said charges arose directly as from his actions as a federal official. *See In Re Piskanin*, 408 F. App'x 563, 565 (3d Cir. 2010). Petitioner has failed to meet the requirements of § 1442 and his request to remove the State of New Jersey's "criminal charges" to this Court is denied.[2]

---

[1] The Third Circuit itself has pointed out that Petitioner self-identifies as a "FLEOCE" but provides no proof beyond his allegations, "which include far-fetched claims of conspiracy." *United States v. Piskanin*, 544 F. App'x 48, 50 (3d Cir. 2013).

[2] Petitioner also cites §§ 1446 and 2679 as basis for his removal of the New Jersey criminal charges. However, both §§ 1446 and 2679 relate to the removal of civil actions and are not applicable here, where Petitioner is attempting to remove a criminal case. *See Piskanin*, 544 F. App'x at 50.

## III.     CONCLUSION

For the reasons stated above, the "Petition for 28 USC §1442(a), §1446, §2679 Federal Judicial Officer Immunity" is denied.  An appropriate order follows.

*/s Esther Salas*
Esther Salas, U.S.D.J.
